FW 40000 4192

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLY BLAND,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY PROPERTY BUYERS, INC, a<br>Delaware Corporation<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§  4-25CV-105-O<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. Americans receive billions of spam robocalls every year.

2. Defendant GATEWAY PROPERTY BUYERS, INC ("GPB" or "Defendant") is a company that contributes to this spam by sending robocalls using an artificial or prerecorded voice message for the purpose of offering its home warranty services.

3. Like most Americans, Kelly Bland ("Plaintiff") has a mobile residential telephone.

4. Plaintiff uses her mobile telephone to receive and make important calls, to get emergency information and to receive and send text messages to family members and friends. Plaintiff uses her phone regularly for her personal enjoyment.

5. Defendant bombards unsuspecting consumers nationwide, including Plaintiff, with annoying, deceptive, robocalls to sell its goods and services.

6. Defendant invaded Plaintiff's privacy and mobile telephone when Defendant sent Plaintiff unsolicited calls soliciting Defendant's goods and services.

7. Plaintiff has no relationship with Defendant, has no account with Defendant, has never provided any phone number to Defendant, and has never consented to Defendant sending any type of communication.

8. Plaintiff has tried to eliminate the harassment and invasion of privacy from unauthorized telemarketing calls by registering her mobile telephone (817) XXX-XXXX on the National Do Not Call Registry ("DNCR") since February 9, 2009, but even that did not work.

9. "Robocalls are a nuisance. Congress banned them in the Telephone Consumer Protection Act of 1991 ("TCPA"). But as every American knows, there are companies [—like CHW in this case—] who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

## PARTIES

10. Plaintiff Kelly Bland is a resident of Fort Worth, Texas.

11. Defendant GPB is a corporation existing under the laws of Delaware with its principal address at 14330 Midway Road, Suite 230, Farmer's Branch, Texas 75224 and can be served via its registered agent Agents and Corporations, Inc. at 1201 Orange Street, Suite 600, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

12. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendant's unsolicited

calls to Plaintiff; adds little complexity to the case.

13.   Personal Jurisdiction.  This Court has general personal jurisdiction over Defendant because they have repeatedly placed robocalls to Texas residents, derive revenue from Texas businesses, and they sell goods and services to Texas residents, including the Plaintiff.

14.   Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Northern District of Texas when she received robocalls from Defendant that is the subject matter of this lawsuit.

15.   This Court has venue over the Defendant because the robocalls at issue were sent by the above-named Defendant to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

16.   In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

17.   The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

18.   The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

19. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

20. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

21. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

22. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

23. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

24. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

25.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

26.     The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

27.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

28.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## LEGAL STANDARD

29. **Autodialed Calls.** The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party " 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1). If the call "introduces an advertisement or constitutes telemarketing" then "prior express written consent" is required. 47 C.F.R. § 64.1200(a)(2).

30. **Do Not Call Registry.** Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

31. **Failure to Identify Caller.** The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

32. **Do Not Call Requests.** Before initiating telemarketing calls, telemarketers must have a written policy relating to an internal do-not-call list and must honor do-not-call requests within a reasonable time not to exceed 30 days. 47 C.F.R. § 64.1200(d). "Telemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so." *Rules and Regulations Implementing the TCPA*, 68 Fed. Reg. 44144, 14069, ¶ 94. "This process [to honor do-not-call requests] is now largely automated. *Id.*

33. **Text messages are calls.** Both phone calls and text messages qualify as a "call" under the TCPA. *Satterfield v. Simon Schuster*, 569 F.3d 946, 954 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

34. Plaintiff's privacy and phone have been invaded by non-emergency telemarketing calls from Defendant.

35. Plaintiff is the residential subscriber of the cell phone number (817) XXX-XXXX

36. Plaintiff uses this phone number as her sole residential telephone and makes and takes residential calls with this number in her home on a daily basis. Plaintiff has no other phone number that she uses for personal calls.

37. Plaintiff registered her phone number (817) XXX-XXXX on the National Do-Not-Call Registry to stop telephone solicitations on February 9, 2009.

38. According to Defendant's website https://gatewaypropertybuyers.com, Defendant makes cash offers to consumers in attempt to buy the consumers property.

39. Upon information and belief, Defendant makes the consumer a cash offer for the consumer's property that is below market value so Defendant can make a profit gain.

40. As part of Defendant's marketing strategy to obtain as many properties as possible, Defendant sends ringless voicemails using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

41. A ringless voicemail is a technology that allows users to send a voicemail message to a recipient's voicemail without ringing their phone.

42. On November 21, 2022, the Federal Communications Commission ("FCC") ruled that ringless voicemails are subject to the TCPA and require consumer consent.

43. The FCC found that ringless voicemails are "calls" made using an artificial or prerecorded voice.

44. Defendant sent at least four (4) ringless voicemails to Plaintiff's telephone (817) XXX-XXXX on the following dates and times:

February 11, 2021, at 9:53 AM from caller ID (469) 283-5291
February 15, 2021, at 11:57 AM from caller ID (469) 283-5526
February 22, 2021, at 1:49 PM from caller ID (469) 481-1158
February 25, 2021, at 9:32 AM from caller ID (469) 481-1158

45. Plaintiff listened to each voicemail and heard the same exact artificial or prerecorded voice message that stated,

"Hey this is Heather I know this is a bit random but I was giving you a call about your property I'm interested in making you an all cash offer we'll be using one hundred percent cash we'll be able to close quickly and even take care of all of your closing costs if this is something you'll be interested please call me back at (972) 242-1881 if your not interested in selling no worries please disregard this message."

46. The voicemails left a callback phone number (972) 242-1881 prompting Plaintiff to callback.

47. The voicemails do not identify Defendant.

48. Plaintiff was not in the market to sell her property.

49. Plaintiff became angry and frustrated by the alleged calls.

50. In attempt to identify the caller of the alleged calls, Plaintiff called the phone number left in the voicemails (972) 242-1881.

51. Plaintiff was connected to an agent with Defendant named Chelsea.

52. Chelsea asked Plaintiff qualifying questions regarding Plaintiff's property.

53. Chelsea advised Plaintiff that Dana Purnell would reach out to Plaintiff with a cash offer for Plaintiff's property.

54. Dana Purnell is the owner of Defendant.

55. Dana Purnell solicited Plaintiff for Defendant's services and made a cash offer for

8

Plaintiff's property.

56. Plaintiff identified the alleged calls were made by Defendant.

57. The alleged calls were sent to Plaintiff for the purpose of encouraging the purchase of Defendant's services.

58. Plaintiff has never been a customer of Defendant and never knew who Defendant was prior to receiving the alleged calls.

59. The alleged calls were nonconsensual encounters that were not made for emergency purposes.

60. Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations.

61. Defendant does not qualify for an exemption under § 302.053.

62. Upon information and belief Defendant has made substantial profit gains by violating the TCPA.

63. In short, the alleged calls invaded Plaintiff's privacy and caused a nuisance, annoyance, and an intrusion into Plaintiff's seclusion.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE ALLEGED CALLS

64. The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

65. The calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

66. The calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

67. Plaintiff has been harmed, injured, and damaged by the alleged calls including, but not

limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

## CAUSES OF ACTION

### COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. Defendant placed telemarketing calls to Plaintiff's cellular telephone using an artificial or prerecorded voice message.

70. Plaintiff never consented to receive telemarketing calls from Defendant. Plaintiff has had no relationship with Defendant.

71. Defendant's telemarketing calls to Plaintiff were made for purpose of advertising and marketing their goods and services. The telemarketing calls constituted commercial advertising and telemarketing as contemplated by the TCPA. Defendant sent telemarketing calls to Plaintiff's cellular telephone using an artificial or prerecorded voice message as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

72. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiff, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful robocall campaign.

73. Not only did Defendant make these violating calls, but Defendant also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

74. If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

75. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76. The foregoing acts and omissions of Defendant constitutes a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

77. Defendant sent telemarketing calls to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

78. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the calls described above, in the amount of $500 per call.

79. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

80. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:

### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

81. Plaintiff incorporates and realleges, as though fully set forth herein, each of the

11

paragraphs above.

68. Defendant made at least four (4) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

69. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

70. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kelly Bland prays for judgment against the Defendant jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by the Defendant violates the TCPA and Texas state law;

C. An injunction enjoining the Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the Defendant for 4 calls.

E. An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the Defendant for 4 calls.

  F. An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the Defendant for 4 calls.

  G. An award to Plaintiff of damages, as allowed by law under the TCPA and Texas state law;

  H. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity

  I. Such further relief as the Court deems necessary, just, and proper.

February 6, 2025,

                Kelly Bland
                *Plaintiff, Pro Se*
                306 Fall Cedar Drive
                Fort Worth, TX 76018
                Phone: 817-903-2161
                Kellybland516@gmail.com

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KELLY BLAND

**(b)** County of Residence of First Listed Plaintiff: **FORT WORTH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

## DEFENDANTS
GATEWAY PROPERTY BUYERS, INC, a Delaware Corporation

County of Residence of First Listed Defendant: **NEW CASTLE**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**4-25CV-105-O**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C.
Brief description of cause:
TCPA VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 32,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 02/06/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____